UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JOEVALIS JOHNSON,              )
                              )
        Plaintiff,            )
                              )
        v.                    )        Case No. 1:22-cv-00098-SRC
                              )
BILL STANGE,                  )
                              )
        Defendant.           )

**Memorandum and Order**

Shortly after robbing two men at gunpoint, police found Petitioner Joevalis Johnson with his victims' possessions.  One of the victims identified Johnson at a show-up identification, and later in a photo lineup.  A jury convicted Johnson of two counts of first-degree robbery and two counts of armed criminal action.  Johnson filed for post-conviction relief in state court, arguing that he was denied effective assistance of counsel and that the trial court erred in several ways. The motion court denied Johnson's claims.  Johnson, proceeding pro se, petitions this Court under 28 U.S.C. § 2254 for a writ of habeas corpus on similar grounds.  Johnson also seeks a stay from this Court so he can exhaust his state-court claims.  Doc. 12.  As explained below, Johnson has fully exhausted his claims and the Court denies Johnson's motion to stay this case. And, because the Missouri Court of Appeals' denial of these claims was neither contrary to, nor an unreasonable application of, clearly established federal law, the Court denies Johnson's petition.

I.      **Background**

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," the Court presumes the correctness of "a

determination of a factual issue made by a State court." 28 U.S.C. § 2254(e)(1).  A petitioner

bears the "burden of rebutting the presumption of correctness by clear and convincing evidence."

*Id.*  The Missouri Court of Appeals described the relevant facts as follows:

> Kyle Conine ("Conine") and Kenneth Knackstedt ("Knackstedt") were at a bar in Soulard on August 17, 2014, around 1:30 a.m.  They started walking to a nearby pizza restaurant after leaving the bar.  After taking several steps into an alley, they turned around, and Appellant was pointing a gun at them.  Appellant was wearing a white t-shirt or tank top.  He ordered them to lay on the ground and give him everything they had.  Conine relinquished his cellphone, forty-eight dollars, and his ID, and laid on the ground.  Knackstedt threw eight dollars to the ground.  Appellant pointed the gun in Knackstedt's face and demanded he pick up the money. Knackstedt obliged, but went to one knee rather than laying on the ground.  Conine saw Appellant's face for only a few seconds.  Knackstedt was face to face with Appellant for about two minutes.  Conine and Knackstedt both stated the robbery lasted for, at most, five minutes.  The alley was dimly lit according to Knackstedt, but there was enough light you could "read a newspaper."

> Appellant fled.  Conine returned to his car and drove around the block a few times before driving home.  Knackstedt followed Appellant from a safe distance and called the police.  He watched Appellant get on the back of a bicycle as the passenger.  Appellant and the driver of the bicycle traveled a short distance on the bike before Appellant dismounted it and entered an alley.  Knackstedt ceased pursuit because he knew Appellant had a gun and the alley was dark.

> Knackstedt waited by the entrance of the alley until the police arrived and pointed them in the direction Appellant had went.  Within fifteen minutes of the robbery, the police found Appellant hiding underneath the porch of an apartment building.   They escorted Knackstedt to Appellant to conduct a show-up identification but provided no details about Appellant prior to the show-up.  They asked Knackstedt if Appellant was the perpetrator. Knackstedt confirmed Appellant robbed him.

> Appellant was handcuffed throughout the show-up.  After the positive identification, Knackstedt saw the fifty-three dollars taken from him and Conine near the porch.  He also saw Conine's cellphone underneath the porch steps.  The phone rang when Knackstedt called Conine's phone number.  The police then showed Knackstedt a black jacket with a firearm protruding from it. Knackstedt identified the firearm as the gun used in the robbery.  The police found the jacket about six feet from where the police found Appellant.

> A few days later, the police presented Conine a photograph lineup of six people.  Conine identified Appellant as the assailant when he viewed the lineup.

Doc. 8-4 at 2–4.  The State of Missouri charged Johnson with two counts of first-degree robbery, two counts of armed criminal action, and one count of unlawful possession of a firearm.  Doc. 8 at 5.  At trial, Johnson's attorney did not object to the prosecutor's closing remarks on how quickly alcohol metabolizes in the body.  Doc. 1 at 5.  The jury found Johnson guilty of two counts of first-degree robbery and two counts of armed criminal action.  *Id.* at 1.

On direct appeal, Johnson argued trial-court error regarding objections to questions asked of the DNA examiner and two claims that trial court erred in overruling Johnson's motion to suppress evidence.  *Id.* at 3.  The Missouri Court of Appeals denied these claims.  Thereafter, Johnson raised claims of ineffective assistance of counsel and failure by the motion court to make specific findings on his Rule 29.15 motion with the Missouri Court of Appeals.  *Id.* at 3.  The court denied these claims as well.  Johnson now brings identical claims of ineffective assistance of counsel and failure by the motion court, which the Court addresses below.

## II.    Standard

A state prisoner who seeks relief under 28 U.S.C. § 2254 must prove that he is "in custody in violation of the Constitution or laws or treaties of the United States."  To obtain relief under section 2254, a petitioner must establish that the state-court proceedings:

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).  To warrant relief, a state court's decision must be "more than incorrect or erroneous"; it "must be objectively unreasonable."  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  A petitioner must also show that equitable considerations favor relief.  "[E]ven a petitioner who prevails under [the Antiterrorism and Effective Death Penalty Act] must

still today persuade a federal habeas court that 'law and justice require' relief." *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) (citations omitted); *see also* 28 U.S.C. § 2243 ("A court, justice, or judge entertaining an application for a writ of habeas corpus . . . shall summarily hear and determine the facts, and dispose of the matter as law and justice require."). Historically, "the States' 'powerful and legitimate interest in punishing the guilty,'" stands as the most important of these equitable considerations. *Brown*, 142 S. Ct. at 1523.

## III.   Discussion

In this case, Johnson seeks a stay, raises two grounds for relief in his habeas petition, and raises additional claims in his reply brief. The Court begins by addressing Johnson's motion for a stay. Then the Court addresses Johnson's claims that his trial counsel was ineffective for failing to object to the prosecutor's closing remarks, doc. 1 at 5, and that the motion court erroneously failed to address his pro-se Rule 29.15 motion under Missouri state law, *id.* at 6. Finally, the Court declines to address the claims Johnson raises for the first time in his reply brief because Johnson failed to properly raise these additional claims. Doc. 11 at 6–10.

### A.   The Court denies Johnson's motion for leave to stay this case.

Johnson asks the Court to stay these proceedings so he can pursue further remedies in state court. Doc. 12. A state prisoner seeking a writ of habeas corpus in federal court generally must first exhaust available state-court remedies. *See* § 2254(b). In some cases, petitioners file a "mixed" habeas petition containing both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). If that occurs, the Court has discretion to implement a *Rhines* stay, which would stay the federal proceedings and allow the petitioner to present his unexhausted claims to the state court in the first instance. *Id.* at 277. The Court implements such a stay only

if the petitioner had good cause for failing to exhaust his claims.  *Id.*  Even if the petitioner had

good cause for failing to exhaust his claims, however, the Court will not grant a *Rhines* stay if

the unexhausted claims are plainly meritless.  *Id.*  "[S]tate-court remedies are . . . 'exhausted'

when they are no longer available . . . ."  *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022)

(quoting *Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006)).  If a state's procedural rules bar a

petitioner from presenting a claim in state court, then no available state remedy exists, and the

doctrine of procedural default bars the claim.  *Id.* (quoting *Edwards v. Carpenter*, 529 U.S. 446,

453 (2000)).

Thus, to succeed on his motion for a *Rhines* stay, Johnson must show that (1) he has not

fully exhausted his claims; (2) he had good cause for failing to exhaust these claims; (3) his

claims potentially have merit; and (4) he did not purposefully delay this proceeding.  *See Rhines*,

544 U.S. at 277–78.  But Johnson plainly cannot succeed on his motion because he admittedly

exhausted his claims.  Doc. 1 at 5, 7.

Johnson alleges that he has not "been afforded the opportunity to exhaust his true

defense" because his counsel should have brought prosecutorial-misconduct and abuse-of-

discretion claims on direct appeal.  Doc. 12 at ¶¶ 1–2.  In Missouri state court, "[a] person

convicted of a felony after trial claiming that the conviction or sentence imposed violates the

constitution of this state or the constitution of the United States, including ineffective assistance

of trial and appellate counsel . . . may seek relief in the sentencing court pursuant to the

provisions of this Rule 29.15."  Mo. Sup. Ct. R. 29.15(a).  "This Rule 29.15 provides the

exclusive procedure by which such person may seek relief in the sentencing court for the claims

enumerated."  *Id.*  "If an appeal of the judgment or sentence sought to be vacated, set aside or

corrected is taken, the motion shall be filed within 90 days after the date the mandate of the

appellate court issues affirming such judgment or sentence."  Mo. Sup. Ct. R. 29.15(b).  After

such 90-day period, the claim is procedurally defaulted, and thus, also exhausted.  *Shinn*, 142 S.

Ct. at 1732 ("If a state court would dismiss these claims for their procedural failures, such claims

are technically exhausted . . . .").

Johnson appealed his conviction, and the Missouri Court of Appeals affirmed the

conviction and sentence in part on October 23, 2018.  *State v. Johnson*, 559 S.W. 3d 423 (Mo.

Ct. App. 2018) (reversing and remanding the conviction on the severed-firearm claim).  Johnson

then had 90 days from that order to file any post-conviction relief regarding the affirmed claims.

Mo. Sup. Ct. R. 29.15(b).  This means Johnson had until January 21, 2019, to file for post-

conviction relief.  *See id.*  In fact, Johnson did timely file for post-conviction relief.  *See Johnson

v. State*, 613 S.W.3d 512, (Mo. Ct. App. 2020); *see also State v. Johnson*, 628 S.W.3d 835 (Mo.

Ct. App. 2021) (affirming post-conviction-relief court's ruling).  Because Johnson did properly

seek post-conviction relief on the claims brought here and the deadline to bring further claims in

state court has passed, Johnson has exhausted his claims and, therefore, is not entitled to a *Rhines*

stay.  The Court denies Johnson's motion to stay the case.  Doc. 12.

**B.     The Court denies Johnson's claim regarding ineffective assistance of counsel.**

Johnson argues that "but for trial counsel's failure to object to the improper arguments,

there is a reasonable probability that the outcome of Mr. Johnson's trial would have been an

acquittal on all counts."  Doc. 1 at 5.  Johnson claims that if defense counsel had successfully

objected to the prosecutor's statements regarding how quickly someone can metabolize alcohol,

he would have been acquitted on all counts.  *Id.*  Respondent counters that the Missouri Court of

Appeals' decision to deny this claim was reasonable under applicable state and federal law.  Doc.

8 at 16.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that counsel made "serious" errors and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A petitioner must make "both showings" to obtain relief.  *Id.*  Federal courts must approach ineffective assistance of counsel claims under a "doubly deferential" standard, *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009), taking a "highly deferential look at counsel's performance through the deferential lens of § 2254," *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (first quoting *Strickland*, 446 U.S. at 689; and then quoting *Knowles*, 556 U.S. at 121 n.2).  Therefore, to succeed on his first claim, Johnson must prove both that the Missouri Court of Appeals incorrectly concluded that his trial counsel's representation was sufficient, and that this error prejudiced his defense.

To succeed on his motion, Johnson must prove that the state court's determination was "contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254.  In reviewing claims for ineffective assistance of counsel, the Court must defer to the state court's findings under § 2254.  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  The Missouri Court of Appeals determined that while the prosecutor's statements on the rate at which the victims metabolized alcohol may not have been supported by evidence in the record, counsel's decision not to object was still a reasonable trial strategy.  Doc. 8-12 at 7–8.  The court reasoned that the issue of how quickly alcohol metabolizes was "tangential, especially in light of" other evidence offered at trial, and "it certainly would have been a reasonable trial strategy not to object and draw undue attention to this relatively insignificant matter."  *Id.* at 8.

The decision not to object to a prosecutor's statements is within the "wide range of reasonable professional assistance" trial counsel may provide.  *Harrington v. Richter*, 562 U.S. 86, (2011) (quoting *Strickland*, 466 U.S. at 689).  Further, failure to object to improper

statements is not prejudicial under *Strickland* when "there is no substantial likelihood that the jury would have reached a different result absent trial counsel's error in failing to object" given the amount of inculpatory evidence at trial. *Shelton v. Mapes*, 821 F.3d 941, 948 (8th Cir. 2016). The state court's determination that the statements made at closing were "tangential" and "insignificant" was not contrary to clearly established federal law. Accordingly, the Court denies Johnson's first claim for relief.

      **C.    The Court denies Johnson's claim regarding the motion court's review of his Rule 29.15 Motion.**

      In his second claim, Johnson states that the motion court failed to make "specific findings" on his pro-se Rule 29.15 motion raising post-conviction claims. Doc. 1 at 6. Johnson states that the court's failure to "make findings of fact and conclusions of law on all issues presented" violated his Constitutional rights. *Id.* Respondent counters that "alleging an issue with a state-court proceeding is not a basis for federal relief" and regardless, the state court "reasonably applied state court rules." Doc. 8 at 17.

      Johnson appears to challenge the procedures used by the Missouri Court of Appeals when considering his post-conviction claims under Missouri state law. Federal courts cannot review state-court decisions that rest upon "independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). State procedural rules are adequate if they are "firmly established and regularly followed state practice." *James v. Kentucky*, 466 U.S. 341, 348–49 (1984). State procedural rules are independent when they rely on state, rather than federal, law. *Michigan v. Long*, 463 U.S. 1032, 1044 (1983). In habeas proceedings, if a state-court's decision is made on independent and adequate state grounds, federal courts "may not disturb" it. *Taylor v. Norris*, 401 F.3d 883, 886 (8th Cir. 2005); *see also Byrd v. Delo*, 942 F.2d

1226, 1232 (8th Cir. 1991) (holding that procedural rules "cannot be used as a vehicle for raising questions that could have been raised on direct appeal" in habeas proceedings).

Review by the federal courts exists not to reconsider every issue with state court proceedings, but as a "guard against extreme malfunctions in the state criminal justice system." *Harrington*, 562 U.S. at 102–03 (quotation omitted).  It is "not a substitute for ordinary error correction through appeal." *Id.*  As Respondent argues, "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Gee v. Groose*, 110 F.3d 1346, 1351–52 (8th Cir. 1997) (quoting *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994)); *see also Beard v. Kindler*, 558 U.S. 53, 60 (2009) ("[A] discretionary state procedural rule can serve as an adequate ground to bar federal habeas review.")

"[F]ederal courts will not review a state court decision that rests on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991)).  The Eighth Circuit has clearly held that "[t]his rule applies to bar federal habeas claims that a state has declined to consider because of the prisoner's failure to satisfy a state procedural requirement." *Id.*  Missouri's procedural rule established in Rule 29.15 proceedings is "firmly established and regularly applied and constitutes an independent and adequate ground that bars" review of Johnson's claim. *Barnett*, 904 F.3d at 628.  Accordingly, Johnson fails to state a cognizable claim on which this court may grant relief and the Court denies his second ground for habeas relief.

**D.     The Court declines to address Johnson's claims that he raised for the first time in his reply brief.**

In his reply brief, Johnson brings two claims that he failed to argue in his petition.  Doc. 11 at 6–10.  AEDPA provides that an "application for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28

U.S.C. § 2242.  The civil rule on amended pleadings provides that "an amendment of a pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c)(2).  While Johnson mailed in his petition for habeas corpus on June 15, 2022, doc. 1 at 1, he has made no effort to amend his first complaint or otherwise indicated an intent to do so.

As stated in the model form available to aid prisoners in filing their habeas petitions, including the one Johnson filed with this court:

> For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

> CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

Doc. 1 at 13.  *See also Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citing habeas form language in federal habeas cases as guidance for judicial decision-making).

Johnson failed to bring these additional claims in his petition and has not otherwise properly raised them in this Court.  *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (holding that an argument first presented in traverse rather than habeas petition "was not properly before the district court, and the district court did not err in declining to address it"); *see also Harris v. Adams*, No. 4:17-cv-00842-PLC, 2021 WL 5823885, at *10 (E.D. Mo. Dec. 8, 2021) ("[T]he Court finds that a reply is not a proper pleading to raise additional grounds for relief in a Section 2254 habeas proceeding and the Court will not address those claims that Petitioner raised for the first time in his reply brief.").  Accordingly, the Court finds that these claims are not properly before it and declines to address them.

**IV.     Certificate of appealability**

The Court finds that Johnson has not made a "substantial showing of the denial of a constitutional right" as is necessary for the Court to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Accordingly, the Court does not issue a certificate of appealability for either claim raised in Johnson's petition.

**V.     Conclusion**

The Court denies Johnson's [12] Motion to Stay the Proceedings and his [1] Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus and dismisses the petition with prejudice. The Court does not issue a certificate of appealability.

So ordered this 3rd day of January 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE